## BETLER v. JOHN F. KENNEDY HOSPITAL, et al.

No. MLMC 78-28-K.

Circuit Court, Palm Beach County.

April 3, 1979.

John R. Young of Hamilton, James, Merkle & Young, West Palm Beach, for the plaintiff.

Stephen C. McAliley of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for the defendants.

R. WILLIAM RUTTER, Jr., Circuit Judge.

*Order concerning commencement of mediation hearing, ruling on challenge for cause, providing for attorney and physician members of the panel:* This cause came before me on several pending matters.

The defendants, John F. Kennedy Hospital and Jesus O. Duran, M. D., filed a motion for a "start-up" hearing. At the hearing on this motion, counsel for the claimant joined in the motion asking that the medical mediation hearing start within the time provided by the rules, but requesting that the mediation panel convene at some later date for the conclusion of the hearing at which time the bulk of the testimony and exhibits would be introduced.

The court, and counsel, discussed the recent decision of *Hewitt v. Caffee*, 3rd District Court of Appeal 1979 (Case No. 79-9).

All parties desire a "start-up" hearing, but this court, as judicial referee, must decide whether proceeding in such a manner would cause the mediation panel to lose jurisdiction, which neither party desires.

After a careful reading of the *Hewitt* decision, it would appear to this court that it does not prohibit a "start-up" hearing as such. The Mediation Rules provide for commencement of the hearing within four months (or six months upon timely order), but further provide that jurisdiction does not terminate until ten months. This rule cannot contemplate that there are cases which would require a solid four months of daily testimony. Consequently, the Mediation Rules would appear to contemplate commencement of a hearing within the time provided, and resumption and conclusion of that hearing at some later time prior to the expiration of ten months.

It appears that the crux of the *Hewitt* decision is that the "start-up" hearing was made (1) over the objection of the claimant, (2) that the motion by the defendant was a "dilatory" tactic designed to thwart the purpose of the proceeding, and (3) the claimant was not allowed to make an opening statement or call witnesses on the claimant's behalf.

In the instant case both parties would have difficulty with their own trial schedules and with the availability of certain expert testimony if the court required that this case be tried to its conclusion at the time presently scheduled.

In Hewitt, the court pointed out that Fla. Statute 768.44 contemplates the "just, speedy and inexpensive determination of every claim."

It is this court's view that the word "speedy" should not be emphasized at the expense of the word "just." Here, it is apparent that both parties agree that a just determination of this claim on the merits cannot be concluded within six months from the date of the filing of the claim because of circumstances previously mentioned.

Accordingly, the joint request of the parties is granted. A "start-up" hearing (for want of a better term) is scheduled for 8:30 a.m. on April 5, 1979. However, by this order, the court does not prohibit, nor require, opening statements by counsel or the presentation of testimony.

At the hearing on this motion, the parties also exercised their peremptory objections to panelists.

After following the required procedure, the remaining physician member of the panel was James M. Johnson, M. D. The claimant

orally made a challenge for cause as to this panel member for the reason that Dr. Johnson, back in 1973, was himself a defendant in a claim for medical malpractice.

It is the court's ruling that this fact, in and of itself, is an insufficient basis upon which to challenge for cause. Nor does the court find that any of the other information submitted by this prospective panelist would make him subject to challenge for cause. The challenge for cause as to panel member Dr. Johnson is therefore denied. This ruling is without prejudice to a renewal of such challenge for cause should new facts appear.

There being no other disagreement concerning the panel members, and the parties having proceeded in accordance with the Florida Rules of Mediation Procedure, it is ordered and adjudged that the physician member of the panel shall be James M. Johnson, M. D.

It is further ordered and adjudged that the attorney member of the panel shall be Daniel Henry Jones, Esq.